OPINION
On April 9, 1991, the Perry Grand Jury indicted appellant, James E. Hinkle, on three counts of rape in violation of R.C. 2907.02. Said charges arose from incidents involving appellant's ten year old niece. A jury trial commenced on April 13, 1992. The jury found appellant guilty of one count of rape. The jury was unable to reach a verdict on the remaining two counts so a mistrial was declared as to those counts. By judgment entry filed May 26, 1992, the trial court sentenced appellant to ten to twenty-five years in prison. This judgment entry was later vacated, and then reinstated by judgment entry filed October 30, 1996. On June 11, 1999, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed same date, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. O.R.C. 2950.09 IS UNCONSTITUTIONAL IN THAT IT VIOLATES APPELLANT'S RIGHT TO PRIVACY.
 II. O.R.C. 2950.09 IS UNCONSTITUTIONAL BY DEPRIVING APPELLANT OF PROCEDURAL DUE PROCESS WHEN THE DEPARTMENT OF CORRECTIONS FAILS TO HOLD A HEARING.
 III. O.R.C. 2950.09(C)(1) REQUIRES PROOF IN THE TRIAL COURT THAT (1) THE DEPARTMENT OF CORRECTIONS ACTUALLY CONSIDERED THE APPROPRIATE 2950.09(B)(2) FACTORS AND/OR (2) A RECOMMENDATION WAS MADE.
 IV. THE TRIAL COURT'S FINDING THAT APPELLANT IS A "SEXUAL PREDATOR" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims R.C. 2950.09 is unconstitutional because it violates his right to privacy. We disagree. In support of his argument, appellant cites the case of State v. Williams (January 29, 1999), Lake App. No. 97-L-191, unreported, wherein our brethren from the Eleventh District held R.C. Chapter 2950 was unconstitutional because it violates Section 1, Article I of the Ohio Constitution. The Supreme Court of Ohio recently reviewed this case and reversed the decision. In State v. Williams (2000), ___ Ohio St.3d ___, WL 504897, Chief Justice Moyer wrote "[a]fter reviewing both of our own precedent and that from the federal courts, we hold that R.C. Chapter 2950 does not violate a convicted sex offender's right of privacy." WL 504897 at 11. Chief Justice Moyer concluded his discussion on the issue by stating "we hold that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constiution." Id. at 13. Assignment of Error I is denied.
 II
Appellant claims he was denied procedural due process because the Department of Rehabilitation and Corrections failed to hold a hearing pursuant to R.C. 2950.09(C)(1). We disagree. R.C.2950.09(C)(1) states as follows: (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
Nowhere in the statute is it mandated that the Department of Rehabilitation and Corrections is to hold a hearing. The Department of Rehabilitation and Corrections is to make a determination "as to whether to recommend that the offender be adjudicated as being a sexual predator." This recommendation is simply a means to commence a review of the sexual predator classification. It is equivalent to the filing of an indictment or a criminal complaint. The initiation of the process does not violate an individual's right to due process. Pursuant to R.C.2950.09(C)(2)(a), "[t]he court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing." Appellant is afforded due process via the hearing before the trial court. Assignment of Error II is denied.
 III
Appellant claims the state failed to prove the Department of Rehabilitation and Corrections actually considered the factors set forth in R.C. 2950.09(B)(2), and actually made a recommendation. We disagree. Appellant argues the state had the burden to prove there was an official recommendation and that said recommendation was made after consideration of "all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section." R.C. 2905.09(C)(1). As stated in the previous assignment of error, the recommendation is a means to commence a review of the sexual predator classification. It is simply a procedural matter. Nowhere in R.C. Chapter 2950 is it mandated that the state must prove that the Department of Rehabilitation and Corrections made a recommendation or that the recommendation was made after consideration of the factors set forth in R.C. 2950.09(B)(2). Likewise, in a criminal case, the state need not introduce into evidence the indictment or the criminal complaint, the initiating document. In addition, during the classification hearing, defense counsel admitted to having received a copy of the recommendation. June 11, 1999 T. at 13-14. Assignment of Error III is denied.
 IV
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C.2950.09(B)(3). We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 The bill of particulars filed January 14, 1992 indicates appellant "engaged in acts constituting sexual conduct" with the victim who was less than thirteen years of age. The victim was appellant's niece who was ten years old at the time of the incident. June 11, 1999 T. at 9. Appellant was twenty-two. Id. at 10. At the conclusion of the hearing, the trial court stated the following: Based on the information the Court has before it, the conviction for rape of a 10 year old which took place in this court before this judge, the fact that the victim was the niece of the defendant, and at the time the defendant was an adult, the child being 10 years old which resulted in the — a pregnancy and thereafter the child did not have the baby, the Court is going to find that the defendant is, in fact, a sexual predator pursuant to 2950.09.
Id. at 20.
Appellant makes the argument that during the classification hearing, "no testimony [was] presented regarding the facts of the case" and therefore the state "did not prove by clear and convincing evidence that Appellant is a `sexual predator' as that term is defined by O.R.C. 2950.01(E)." Appellant's Brief at 13. As cited supra, appellant's trial "took place in this court before this judge." The trial court making the classification determination had the benefit of hearing all of the facts and circumstances of the case during the trial. Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
GWIN, P.J. and HOFFMAN, J. CONCUR.